IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **THOMAS DUBOSE**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-490-L** |
| § | |
| **CONSECO LIFE INSURANCE** § | |
| **COMPANY**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Thomas DuBose ("Plaintiff" or "DuBose") originally filed this action in state court, and Conseco Life Insurance Company ("Conseco"), pursuant to 28 U.S.C. § 1332(a)(1), removed it to federal court on February 16, 2012, on the bases that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000. By order dated February 22, 2012, the court ordered Conseco "to provide more specific information regarding Plaintiff's citizenship so that it [could] determine whether diversity of citizenship exists between the parties." Order 2. Conseco responded to the court's order on March 22, 2012.

With respect to Plaintiff's citizenship, Conseco stated, "On information and belief, Plaintiff is a citizen of the State of Texas." Def. Conseco Life Ins. Co.'s Notice of Diversity of Citizenship 1. Attached to this filing of Conseco is the affidavit of David Rikkers. The crucial language relating to Plaintiff's citizenship is as follows:

> 4. The address Conseco Life has on file for Plaintiff for all policy correspondence is 1500 Canyon Wren Dr., McKinney, TX 75071.
> 5. Plaintiff has had an address in Texas since 2010.

**Memorandum Opinion and Order - Page 1**

      6.      On information and belief, Plaintiff is a citizen of the State of Texas.

Affidavit ¶¶ 4, 5, and 6. The court determines that the additional information is insufficient for it to determine that Plaintiff is a citizen of Texas.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely or for an unlimited time. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985) (citations omitted). "Citizenship" and "residency" are not synonymous. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). As Conseco is the party seeking to invoke federal jurisdiction, it has the burden to establish by a preponderance of the evidence that federal jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 327 (5th Cir. 2008).

The additional information submitted by Conseco does nothing to establish that Plaintiff intends to remain in Texas indefinitely or for an unlimited time; it only shows that Plaintiff has had

an address in Texas since sometime in 2010. The court cannot infer that Plaintiff is a Texas citizen merely because he has had a Texas address for two years, as it cannot determine whether DuBose is a sojourner in Texas, or whether he plans to reside in Texas indefinitely or for an unlimited time. Moreover, the "on information and belief" language is of no moment because the underlying facts on which this phrase is based are insufficient for the court to determine that Plaintiff is a citizen of Texas. The court cannot reasonably infer that Plaintiff is a citizen of Texas because such inference would be speculative. Stated another way, there is some doubt whether DuBose is a citizen of Texas, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). For the reasons herein stated, Conseco has not satisfied its burden.

For the reasons herein stated, Conseco has not established that DuBose is a citizen of Texas. Conseco therefore has not shown that complete diversity exists between the parties, and this action must be remanded to the state court from where it was removed. Accordingly, the court **remands** this action to County Court at Law Number Five, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction. The clerk of the court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 24th day of May, 2012.

                                                *Sam A. Lindsay*
                                                Sam A. Lindsay
                                                United States District Judge